UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JAMES RAY JONES,

    Defendant.

Case No.  CR07-324RSL

ORDER DENYING DEFENDANT'S MOTION FOR EVIDENTIARY HEARING

## I. INTRODUCTION

This matter comes before the Court on defendant's "Motion for Evidentiary Hearing Pursuant to Franks v. Delaware" (Dkt. #19). For the reasons set forth below, the Court denies defendant's motion for an evidentiary hearing.[1]

## II. BACKGROUND

On August 13, 2007, Detective Sergeant Mark Shipman of the Mount Vernon Police Department received information that the department's 911 dispatch center had received a call concerning the possession and attempted sale of C4 explosives. See Dkt. #19, Exhibit A at 2 (Warrant and Affidavit in Support of Warrant). Tye Gerald Burley had reported to the dispatch center that, approximately two weeks earlier, defendant had offered to sell him C4 explosives

---

[1] Because this matter can be decided on the memoranda, declarations, and exhibits submitted by the parties, defendant's request for oral argument is denied.

ORDER DENYING DEFENDANT'S
MOTION FOR EVIDENTIARY HEARING         1

that were allegedly stolen from an unnamed Navy base. Id. Burley also stated that, while at defendant's house, defendant had shown him what defendant described as C4 explosives. Id. Burley described the explosives as "rectangular in shape" and packaged in "green packaging material with brown edges" that had "black lettering and numbering." Id.

Detective Shipman also contacted Crystal R. Brown, who told him that she had dated defendant for about three months and that they had lived together at defendant's house for an unspecified period of time. See Dkt. #19, Exhibit A at 2. Brown also stated that about two months earlier defendant had shown her the explosives, which she described as a "5" x 5" black brick" although she also described them as rectangular in shape. Id. Sergeant Barry Bartram, an explosives expert with the Washington State Patrol, indicated that the descriptions provided by both Burley and Brown were consistent with "how C4 Explosive is packaged" and concluded that defendant was "most likely" in possession of "military C4 explosive." Id. Mason Reiter, an Explosives Specialist with the Washington State Department of Labor and Industries, indicated that possession of C4 in Washington is illegal, and that it is not possible to receive any type of license that would authorize possession. Id. Detective Shipman also ran a criminal history check on defendant, which indicated that defendant was a convicted felon. Id.

Detective Shipman provided this information to Skagit County District Court Judge Warren Gilbert, who signed a search warrant authorizing a search of defendant's residence. See Dkt. #19, Exhibit A at 1. During the search, police officers found one pound of "Military TNT High Explosive." See Dkt. #19 at 2; Dkt. #23 at 2 (Response to Motion for Evidentiary Hearing). Defendant was subsequently indicted for unlawful possession of stolen explosives in violation of 18 U.S.C. § 842(h). See Dkt. #10 (Indictment). A subsequent review of defendant's court documents revealed that the official database entry used by Detective Shipman was erroneous, and defendant had been convicted of a gross misdemeanor, not a felony. See Dkt. # 19 at 5; Dkt. # 23 at 2.

//

ORDER DENYING DEFENDANT'S
MOTION FOR EVIDENTIARY HEARING                2

## III. ANALYSIS

Defendant alleges that Detective Shipman's reckless disregard for the truth mislead Judge Gilbert into making a clearly erroneous finding of probable cause. Specifically, defendant alleges that Detective Shipman failed to alert Judge Gilbert that the informants did not specifically mention seeing "C4" on the explosives packaging material, and that Detective Shipman relied upon an official database entry that incorrectly characterized defendant as a convicted felon. See Dkt. #19 at 4-5. The Court finds neither of these acts of alleged recklessness sufficient to render Judge Gilbert's finding of probable cause clearly erroneous.

Defendants are entitled to an evidentiary hearing only after making a substantial preliminary showing that a government affiant intentionally or recklessly made false statements necessary to the finding of probable cause. See Franks v. Delaware, 438 U.S. 154, 171 (1978). In order to make a substantial preliminary showing a defendant must: 1) allege specifically which portions of the warrant affidavit are false, 2) contend that the false statements or omissions were deliberately or recklessly made, 3) present a detailed offer of proof, including affidavits, to accompany the allegations, 4) challenge only the veracity of the affiant and 5) establish that the challenged statements are necessary to a finding of probable cause. See United States v. Perdomo, 800 F.2d 916, 920 (9th Cir. 1986) (citing United States v. DiCesare, 765 F.2d 890, 894-95 (9th Cir. 1985)).

Probable cause is a "fluid concept which depends upon the 'totality of the circumstances.'" United States v. Estrada, 733 F.2d 683, 685 (9th Cir. 1984) (quoting Illinois v. Gates, 462 U.S. 213, 230 (1983)). When issuing a search warrant based upon probable cause, the magistrate makes a "'practical, common-sense decision whether, given all of the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" Id. (quoting Gates, 462 U.S. at 238) (alteration in original). A reviewing court ensures that "'a magistrate had a substantial basis for . . . concluding that probable cause existed.'" Id. at 684 (quoting Gates, 462 U.S. at 238-39)

(alteration in original).  A reviewing court is required to show "great deference to the magistrate's determination," and may not reverse unless it is "clearly erroneous."  Id. (citing United States v. Seybold, 726 F.2d 502, 503 (9th Cir. 1984).  Here, defendant cannot demonstrate that even the combination of including the informants' failure to notice "C4" on the explosives' packaging and removing defendant's false felony conviction would have precluded a finding of probable cause.  Detective Shipman's affidavit contained two eyewitness descriptions of the explosives in question, both of which were based upon first hand observation.  See Dkt. #19, Exhibit A at 2.  Furthermore, an explosives expert corroborated that these descriptions were consistent with how C4 is packaged.  Id.  Even if the affidavit indicated that neither informant noticed "C4" on the explosives' packaging and did not include defendant's false felony conviction, Judge Gilbert would still have had substantial basis for finding that probable cause existed.  Thus, as neither the omitted information nor the false felony conviction is necessary to a finding of probable cause, defendant fails to make the substantial showing necessary for the Court to grant an evidentiary hearing.

## IV.  CONCLUSION

For all of the foregoing reasons, the Court DENIES defendant's "Motion for Evidentiary Hearing Pursuant to Franks v. Delaware" (Dkt. #19).

DATED this 21st day of December, 2007.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION FOR EVIDENTIARY HEARING           4