UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JAMES RAY JONES,

    Defendant.

Case No. CR07-324RSL

ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

## I. INTRODUCTION

This matter comes before the Court on defendant's "Motion to Suppress Evidence Seized in Violation of the Fourth Amendment to the United States Constitution" (Dkt. #20). For the reasons set forth below, the Court denies defendant's motion to suppress.[1]

## II. BACKGROUND

On August 13, 2007, Detective Sergeant Mark Shipman of the Mount Vernon Police Department received information that the department's 911 dispatch center had received a call concerning the possession and attempted sale of C4 explosives. See Dkt. #20, Exhibit A at 2 (Warrant and Affidavit in Support of Warrant). Tye Gerald Burley reported to the dispatch center that, approximately two weeks earlier, defendant offered to sell him C4 explosives that

---

[1] Because this matter can be decided on the memoranda, declarations, and exhibits submitted by the parties, defendant's request for oral argument is denied.

ORDER DENYING DEFENDANT'S
MOTION TO SUPPRESS          1

were allegedly stolen from an unnamed Navy base. Id. Burley also stated that, while at defendant's house, defendant had shown him what defendant described as C4 explosives. Id. Burley described the explosives as "rectangular in shape" and packaged in "green packaging material with brown edges" that had "black lettering and numbering." Id.

Detective Shipman also contacted Crystal R. Brown, who told him that she had dated defendant for about three months and that she had lived at defendant's house for an unspecified period of time. See Dkt. #20, Exhibit A at 2. Brown also stated that about two months earlier defendant had shown her the explosives, which she described as a "5" x 5" black brick" although she also described it as rectangular in shape. Id. Sergeant Barry Bartram, an explosives expert with the Washington State Patrol, indicated that the descriptions provided by both Burley and Brown were consistent with "how C4 Explosive is packaged" and concluded that defendant was "most likely" in possession of "military C4 explosive." Id. Mason Reiter, an Explosives Specialist with the Washington State Department of Labor and Industries, indicated that possession of C4 in Washington is illegal, and that it is not possible to receive any type of license that would authorize possession. Id.

Detective Shipman provided this information to Skagit County District Court Judge Warren Gilbert, who signed a search warrant authorizing a search of defendant's residence. During the search, police officers found one pound of "Military TNT High Explosive." See Dkt. #20 at 2; Dkt. #22 at 4 (Response to Motion to Suppress). Defendant was subsequently indicted for unlawful possession of stolen explosives in violation of 18 U.S.C. § 842(h). See Dkt. #10 (Indictment).

### III. ANALYSIS

Defendant asserts that the information contained in the affidavit was unreliable and too stale to establish probable cause that C4 explosives would be found in his home at the time of the search. See Dkt. #20. Defendant specifically argues that the affidavit carries little weight

because the police had insufficient information about the informants' basis of knowledge, the police did not corroborate the information, and the information was stale.  See Dkt. #20 at 2.

Probable cause is a "fluid concept which depends upon the 'totality of the circumstances.'"  United States v. Estrada, 733 F.2d 683, 685 (9th Cir. 1984) (quoting Illinois v. Gates, 462 U.S. 213, 230 (1983)).  When issuing a search warrant based upon probable cause, the issuing magistrate makes a "'practical, common-sense decision whether, given all of the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'"  Id. (quoting Gates, 462 U.S. at 238) (alteration in original).  A reviewing court ensures that "'a magistrate had a substantial basis for . . . concluding that probable cause existed.'"  Id. at 684 (quoting Gates, 462 U.S. at 238-39) (alteration in original).  A reviewing court is required to show "great deference to the magistrate's determination," and may not reverse unless it is "clearly erroneous."  Id. (citing United States v. Seybold, 726 F.2d 502, 503 (9th Cir. 1984)).

When evaluating whether information provided by an informant is sufficient to support a finding of probable cause, information based on first hand observation and corroborated by multiple informants is given considerable weight.  "A detailed eye-witness report of a crime is self-corroborating; it supplies its own indicia of reliability."  Estrada, 733 F.2d at 686 (quoting United States v. Banks, 539 F.2d 14, 17 (9th Cir. 1976)).  Similarly, the credibility of an informant's statement is "'enhanced' when the statement gives a detailed account of events that is corroborated by the statements of other confidential informants."  United States v. Alvarez, 358 F.3d 1194, 1203 (9th Cir. 2004).

Courts evaluate staleness "in light of the particular facts of the case and the nature of the criminal activity and property sought."  United States v. Pitts, 6 F.3d 1366, 1369 (9th Cir. 1993) (quoting United States v. Greany, 929 F.2d 523, 525 (9th Cir. 1991)).  Moreover, "the mere lapse of substantial amounts of time is not controlling in a question of staleness."  Id.  See also United States v. Collins, 61 F.3d 1379, 1384 (9th Cir. 1995) (affirming a magistrate's finding of

ORDER DENYING DEFENDANT'S
MOTION TO SUPPRESS                                3

probable cause based on a tip placing firearms in a suspect's residence within six weeks of the search); United States v. Vaandering, 50 F.3d 696, 700 (9th Cir. 1995) (holding that a twenty-two month lapse did not render information stale when viewed with later information); United States v. Foster, 711 F.2d 871, 878 (9th Cir. 1983) (holding that evidence of drug transactions occurring fifteen months prior to the issuance of a search warrant was not stale where evidence also linked defendant to a drug sale occurring three months prior to the issuance of the search warrant).

Here, the Court finds that Judge Gilbert had a substantial basis for his finding of probable cause. Detective Shipman's affidavit contained detailed eyewitness statements from two informants, one of whom had seen the explosives only two weeks earlier. See Dkt. #20, Exhibit A at 2. Also, a police explosives expert confirmed that both eyewitness accounts were consistent with the appearance of C4 explosives. Id. Finally, defendant's unsupported allegation of ulterior motives notwithstanding, the police had no reason to doubt the credibility of either eyewitness. Accordingly, defendant fails to persuade the Court that Judge Gilbert lacked a substantial basis for finding probable cause to sign the search warrant.

## IV. CONCLUSION

For all of the foregoing reasons, the Court DENIES defendant's "Motion to Suppress Evidence Seized in Violation of the Fourth Amendment to the United States Constitution" (Dkt. #20).

DATED this 21st day of December, 2007.

Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION TO SUPPRESS                                4